# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| TERRY EDWARD ELLIOTT, | ) | |
|---|---|---|
| Movant, | ) | |
| vs. | ) | No. 09-03451-CV-S-JCE-P |
| | ) | CRIM No. 08-03133-01-CR-S-JCE |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

## ORDER

On November 22, 2008, defendant entered a plea of guilty to three counts of wilfully failing to file federal income tax returns in violation of 26 U.S.C. § 7203. *See United States v. Elliott,* 08-03133-01-CR-S-JCE. After a presentence report was completed and filed, a sentencing hearing was held on June 3, 2009. The defendant was sentenced to 12 months custody of the Attorney General on Count One; 9 months on Count Two, to run consecutive to sentenced imposed in Count One, and 12 months on Count Three, to run concurrent to sentences imposed in Counts One and Two. On November 30, 2009, defendant filed this motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct the sentence.

As grounds for relief, defendant asserts that the sentence imposed exceeded the maximum allowed by statute; that he did not receive effective assistance of counsel, and finally, that he did not knowingly and voluntarily enter a plea of guilty. The United States has filed a response to the motion and attached an affidavit of counsel for movant and movant has filed his response.

In support of his contention that the sentence exceeds the statutory maximum, movant

asserts that under Section 3D1.2 of the Federal Sentencing Guidelines, that all counts to which he pled guilty should have been grouped because they involved substantially the same harm. However, the amount of the tax loss in this case, which has not been disputed, resulted in a base offense level of 18. Over the objections of the United States, defendant received a two-level reduction for acceptance of responsibility. The adjusted offense level was therefore 16 and with a criminal offense category of 1, defendant's guideline range was 21 to 27 months. After considering the factors contained in 18 U.S.C. § 3553, the Court imposed a sentence which was at the low end of the guideline range. To accomplish that sentence, a 12-month sentence was imposed on Count One; a 9-month sentence on Count Two to run consecutive to Count One, and a 12-month sentence on Count Three to run concurrent to Counts One and Two. This resulted in a aggregate sentence of 21 months, which was at the low end of the guideline range. This sentence comported with the calculation contained in Section 5G1.2(d).

At the sentencing hearing, defendant's counsel effectively argued that his client was entitled to a two-level reduction for acceptance of responsibility. This argument was over the strenuous objection of the United States. Contrary to the argument made in the instant case, counsel also argued for a sentence that did not involve incarceration. In doing so, he noted the family situation, as well as the factors enumerated in § 3553 *supra*. Defendant's cooperation with the Internal Revenue Service was noted and argued. Under the standards enumerated under *Strickland v. Washington,* 466 U. S. 668, 687 (1984), defendant did not receive ineffective assistance of counsel.

The transcript at the defendant's change of plea contradicts his claim that he did not knowingly and voluntarily plead guilty. Defendant readily acknowledged the income amounts for the years in question; the fact that he knew he had an obligation to file on or before April 15

of the following year, and, with that knowledge, he did not file an income tax return. He acknowledged that there was no impediment that prevented him from filing. Finally, after additional inquiry, defendant noted that his decision was wilful.

The claim that a plea of guilty would not have been entered if defendant believed there was any possibility of incarceration is not supported by the record. The presentence report was made available to all counsel. Guideline calculations were correctly set out. No plea bargain agreement was executed in this case in order to allow the defendant to argue for a sentence below the guideline range. The defendant cannot credibly argue that he was unaware of the possibility of incarceration. For the reasons stated herein, it is hereby

ORDERED that the motion for relief under 28 U.S.C. § 2255 be, and it is hereby, denied because there has not been a substantial showing of a denial of constitutional rights. It is further

ORDERED that any request for a certificate of appealability be denied.

      /s/ *James C. England*
      JAMES C. ENGLAND
      United States Magistrate Judge

Date: August 31, 2010